Todd M. Friedman (216752)
Suren N. Weerasuriya (278512)
**Law Offices of Todd M. Friedman, P.C.**
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: (877) 206-4741
Fax: (866)633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
*Attorneys for Plaintiff*

[Additional counsel for Plaintiffs listed on last page]

*Attorneys for Plaintiffs*,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MIKE MARQUEZ, Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**FIRST NATIONAL COLLECTION BUREAU, INC.,**<br><br>**Defendant.** | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. MIKE MARQUEZ ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of FIRST NATIONAL COLLECTION BUREAU, INC. ("Defendant"), its related entities,

subsidiaries and agents in knowingly, and/or willfully employing and/or causing to be employed certain recording equipment in order to record telephone conversation/s with Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 et seq., thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2)(A) because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a company incorporated in the State of Nevada with its principal place of business in McCarran, NV. Plaintiff also seeks the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a), which, when aggregated among a proposed class number in the tens of thousands, exceeds

the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b)(2) because the Plaintiff resides in this judicial district of California, a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within the Central District of California and Defendant conducts business in the City of Glendora, County of Los Angeles, California.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose corporate headquarters is in McCarran, NV. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

## FACTUAL ALLEGATIONS

7. At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

8. Defendant is, and at all times mentioned herein was, a Corporation and a "person," as defined by 47 U.S.C. § 153 (39).

9. At all times relevant Defendant conducted business in the State of California and in the County of Los Angeles, within this judicial district. Defendant's

employees and agents are directed, trained and instructed to, and do, record, the telephone conversations with the public, including California residents.

10. Defendant contacted Plaintiff multiple times regarding an alleged debt belonging to Plaintiff's wife.

11. Plaintiff's wife declared bankruptcy, but Defendant continued contacting Plaintiff undeterred.

12. Defendant placed a call to Plaintiff on October 26, 2013 around 10:00 a.m., and made a recording of the call, failing to disclose to Plaintiff that the call was being recorded.

13. During the aforementioned communication, the parties discussed personal and sensitive information regarding Plaintiff's and his wife's financial situation including, Defendant repeatedly asked Plaintiff for his wife's personal information, and Plaintiff reminded Defendant of the declaration of bankruptcy that rendered their collection efforts erroneous.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

15. Plaintiff represents, and is a member of, the Class, consisting of: All persons in California whose inbound and outbound cellular telephone conversations were recorded without their consent by Defendant or its agent/s within the one year prior to the filing of the original Complaint in this action.

16. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

17. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents,

illegally recording inbound and outbound cellular telephone conversations without their consent within the one year prior to the filing of the original Complaint in this action. Plaintiff and the Class members were damaged thereby.

18. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

19. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

20. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   1. Whether Defendant has a policy of recording incoming and/or outgoing calls;
   2. Whether Defendant has a policy of recording incoming and/or outgoing calls initiated to a cellular telephone;
   3. Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing telephone conversations were being recorded;
   4. Whether Defendant's policy of recording incoming and/or outgoing calls to cellular telephones constituted a violation of California Penal Code §§ 632.7; and 637;

5. Whether Plaintiff, and the Class were damaged thereby, and the extent of damages for such violations; and

6. Whether Defendant should be enjoined from engaging in such conduct in the future.

21. As a person whose telephone communications from Defendant were recorded without notice or consent, Plaintiff is asserting claims that are typical of the Class because every other member of the Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $2,500 per violation pursuant to California Penal Code § 632.7.

22. Plaintiff is asserting claims that are typical of the Class because every other member of the Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to California Penal Code § 637.2(a).

23. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

24. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

25. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

26. A class action is a superior method for the fair and efficient adjudication of

this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

27. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as stated herein.

29. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

30. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally

records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

31. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

32. Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

33. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

34. Said recording equipment was used to record the telephone conversations of Plaintiff and the members of the Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

35. Based on the foregoing, Plaintiff and the members of the Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

36. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiffs and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

37. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

38. For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of the Class;

39. For $2,500 per violation of California Penal Code § 632.7 for Plaintiff and each member of the Class;

40. Injunctive relief in the form of an order prohibiting Defendant from unilaterally recording telephone conversations, without first informing and receiving consent from the other party to the conversation.

41. That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and the Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and the Class.

42. For general damages according to proof;

43. For costs of suit;

44. For prejudgment interest at the legal rate;

45. For attorney's fees and costs, pursuant to Cal. Code of Civ. Proc. § 1021.5; and,

46. For such further relief as this Court deems necessary, just, and proper.

**Trial By Jury**

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 8, 2014     **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

BY: /s/ TODD M. FRIEDMAN
TODD M. FRIEDMAN, ESQ.
ATTORNEYS FOR PLAINTIFF

ADDITIONAL COUNSEL FOR PLAINTIFF

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Jessica R. K. Dorman, Esq. (SBN: 279919)
Jessica@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022